**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**PAUL ALBRECHT and
CHRISTINA RAINES,**

      Plaintiffs,

vs.                              Case No. 5:04cv121-MCR/WCS

**FORD MOTOR CREDIT COMPANY
d/b/a KIA FINANCIAL SERVICES,**

      **Defendant.**

      _____/

**O R D E R**

      The court has before it for review and consideration the magistrate judge's Report and Recommendation on defendant's Motion For Summary Judgment, in which the magistrate judge recommends denial of the motion. After careful review of the record and submissions of the parties the court has concluded that the recommendation should be adopted (with the modifications noted) and the defendant's motion for summary judgment on plaintiffs' defamation claim should be denied.

      This case stems from the defendant's decision to charge off a $159.00 debt owed to defendant on an auto loan made to plaintiffs and to notify certain credit reporting agencies of the decision. Plaintiffs claim that the report of the charge off was untrue when made and falsely indicated to third parties that the debt was an uncollectible or bad debt, which had a negative impact on plaintiffs' credit score and ultimately resulted in the loss of a business opportunity and higher interests rates on credit cards. The defendant maintains that the charge off report was not false when made and further that plaintiff's cannot show injury from the report based on the evidence in the record.

      The magistrate judge concluded that a genuine issue of material fact existed on the issue of whether the charge off report was false when made. Falsity of the report is an

essential element of plaintiffs' defamation claim upon which they bear the burden of proof. Bass v. Rivera, 826 So.2d 534 (Fla. 2d DCA 2002). The primary evidence relied on by the magistrate judge to conclude that a genuine issue of fact existed is Plaintiff Paul Albrecht's affidavit in which he states that when he contacted defendant to inform it that the vehicle had been in an accident and had been declared a total loss one of defendant's unnamed representatives agreed to await final payment until insurance proceeds were received. In an effort to corroborate this assertion plaintiffs submitted the activity log on plaintiffs account which was maintained by defendants, on which there is a log entry on May 24, 2003, indicating that plaintiff had contacted the defendant on that date and advised the vehicle had been totaled on April 30, 2003, and that insurance was "supposed to pay". The defendant denies that it ever authorized suspension of payments on plaintiffs' account while awaiting payment from the insurance company.[1]

From this evidence the magistrate judge concluded that a genuine issue of material fact existed on the issue of falsity of the charge off report. This court agrees because the resolution of this issue will require a credibility determination, a determination which may not be made at the summary judgment stage. The court also agrees with the magistrate judge that there is a genuine issue of material fact on the question of injury based on the affidavit of Amber Gately and her asserted reason for backing out of a financial deal with plaintiffs, another issue requiring a credibility determination.[2]

Because this case will now be scheduled for trial, the court is compelled to make some additional observations about the evidence. The magistrate judge recommended numerous erroneous evidentiary rulings which will not be adopted. The magistrate judge noted many times in the Report and Recommendation that a statement was non-hearsay because it was offered for the fact that the statement was made. However, as defendants correctly point out in their objection to the Report and Recommendation, in order for an out

---

[1] Ultimately defendant received payment from the insurance company and applied those funds to the loan balance; a small amount still remained outstanding. To the extent this amount, which formed the basis for the charge off, was the result of late fees and interest from the unpaid monthly payments, which Plaintiff Albrecht maintains he was advised would not occur, there would have been no debt at all and a report of a bad or uncollectible debt would have been untrue.

[2] The magistrate judge also considered evidence regarding Chase Bank on the question of injury. The court finds this evidence inadmissible for the reason noted in the hearsay discussion.

of court statement to be admissible as non-hearsay it must be offered for a purpose other than to prove its truth and that purpose must be relevant to an issue in the case.

In almost every instance the magistrate judge failed to explain the purpose for which he was considering the evidence and/or the relevance of that purpose (if other than for the truth of the statement), stating only that the statement was admissible for the fact that it was said. In most instances the statement was being offered precisely to prove the truth of the matter asserted in order to support an element of plaintiffs' case. For example, the alleged statement by "Rocky" that Plaintiff Christina Raines said was made to her indicating that the charge off had been made to "get more money out of the plaintiff" was clearly offered to prove the truth of the statement which would then presumably be offered as proof of motive. This is classic hearsay and is not admissible absent an exception to the hearsay rules.[3]

On the question of injury, the magistrate judge considered plaintiff Albrecht's Chase credit card statement showing an increase in plaintiff's interest rate on the card and the statement of a Chase employee about the negative mark on plaintiff's credit report following the charge off, both of which are inadmissible hearsay. Both are out of court statements offered to prove the truth asserted in each statement; i.e. that Albrecht's credit card rate was increased and that defendant's charge off was the reason. There is no other relevant purpose for which they could be offered. The fact that the statements are highly relevant does not make them admissible. Additionally, the statement allegedly made by Carol Elliot, the mortgage broker, to Plaintiff Albrecht about plaintiff's credit score dropping due to the charge off with a resulting increase in the interest rate offered on the mortgage is an out of court statement offered to prove the truth of the matter asserted; i.e. that plaintiff's credit score dropped and as a result his interest rate would be increased, in support of plaintiff's claim of injury and damages. The fact that Elliot said this to Albrecht is not relevant to any issue, other than of course to prove its truth to support the claim for

---

[3] The alleged statement by defendant's employee about awaiting final payment on the loan until insurance was paid was considered by the court on the issue of falsity of the statement because at this stage and on this record it appears to the court that <u>if made</u> the person who made the statement would have been acting at the time as an agent of the defendant and the statement concerned a matter within the scope of employment and thus was not hearsay under the Federal Rules of Evidence. <u>See</u> Fed.R.Evid. 801(d)(2)(D). This statement might also be offered to explain why plaintiff stopped making payments on the loan which may have some arguable relevance.

damages.[4]  The magistrate judge also ruled that certain statements were admissible because the statements were not disputed by the defendant.  This is not a permissible ground upon which to admit otherwise inadmissible hearsay.

In addition to the evidentiary issues, the court also has some reservations about adopting the Report and Recommendation based on the references in the Activity Report on plaintiff's account wherein it shows that Plaintiff Albrecht was advised on June 6, 2003 and June 27, 2003, that he was still responsible for payments on the loan and needed to continue making his regular payments.  This is directly contrary to what Albrecht says he was told by one of defendant's representatives.  However, with some hesitation the court has decided at this time that the question of whether Albrecht was told that payments would be suspended such that the debt was not owed when charged off remains a question of fact for the jury.

Accordingly, it is now ORDERED as follows:

1.	The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order as noted.

2.	Defendant's motion for summary judgment, doc. 41, is DENIED.

3.	Trial will be scheduled by separate order.

**DONE AND ORDERED** this 11th day of August, 2005.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4]  The same statement by Elliot to Amber Gately, plaintiffs' co-investor, might be admissible through Amber Gately to explain why Gately back out of the deal with plaintiffs but that's not the statement under consideration.